IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN CAMARGO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 2:17-CV-1733-DMC<br><br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties (Docs. 4 and 5), this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are the parties' briefs on the merits (Docs. 14, 15, and 16).

    The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole,

including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the matter will be remanded for further proceedings.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f). The sequential evaluation proceeds as follows:

Step 1   Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2   If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3   If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

///

2

| | | |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on December 20, 2013. See CAR 17.[1] At the hearing, plaintiff claims disability began on July 11, 2013. See id. In her opening brief, plaintiff alleges disability due to "recurring injuries Plaintiff suffered at work," most recently in January 2012 when plaintiff "slipped and fell in a freezer while working as a food service laborer for Elk Grove Unified School District." Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on February 3, 2016, before Administrative Law Judge (ALJ) Daniel Myers. In a March 3, 2016, decision, the ALJ concluded plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): osteoarthritis of the right shoulder and right knee; right knee chondromalacia; degenerative joint disease of the right foot; degenerative disc disease of the lumbar spine; and obesity;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: light work except the claimant can only occasionally stoop, crouch, and climb stairs; the claimant is unable to kneel and crawl; she is not able to engage in overhead reaching; she is limited to only occasional pushing and pulling;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See id. at 19-29.

After the Appeals Council declined review on June 16, 2017, this appeal followed.

///
///
///
///
///

---

[1] Citations are the to the Certified Administrative Record (CAR) lodged on December 19, 2017 (Doc. 7).

# III. DISCUSSION

In her motion for summary judgment, plaintiff argues the ALJ erred by ignoring the opinions of treating physiatrist D. Michael Hembd, M.D.

### 1. The ALJ's Analysis

At Step 4 of the sequential analysis, the ALJ considered the medical opinions of record to determine plaintiff's residual functional capacity. See CAR 25-27. The ALJ stated:

> As for the opinion evidence, no treating physician has provided a medical source statement as of the amended alleged onset date.
>
> I accord minimal evidentiary weight to the opinion of State agency medical consultant, Dr. H. Pham who initially determined that the claimant could perform medium work (Exhibit 1A/9-10). Given the medical record that supports light exertion, I find Dr. Pham's assessment to be too optimistic.
>
> Great evidentiary weight is accorded the opinion of State agency medical consultant Dr. D. Pong who eroded the claimant's residual functional capacity (RFC) to light exertion (Exhibit 3A/9-10). His RFC for light exertion is incorporated into the RFC above.
>
> Great evidentiary weight is accorded the opinion of State agency psychological consultant, Paul Cherry, Ph.D., who determined that the claimant did not have a severe mental impairment (Exhibit 1A/8). His opinion is supported by and consistent with the medical evidence of record.
>
> I accord great evidentiary weight to the opinions of State agency psychological consultant Dr. Evelyn Adamo, who affirmed the initial determination that the claimant does not have severe mental impairment. Dr. Adamo noted that the claimant's Function Report indicated low stress tolerance and mild difficulties in maintaining concentration, persistence, and pace (Exhibit 3A/8).

Id. at 26-27.

The ALJ's decision contains no discussion related to opinions rendered by Dr. Hembd.

### 2. Plaintiff's Contentions

Plaintiff argues:

> Board certified physiatrist, D. Michael Hembd, M.D., who treated Plaintiff for many years, agreed with . . . electrodiagnostic findings and restricted Plaintiff to working no more than four hours per day and sitting, standing, and walking less than one third of the work day. See AR at 279, 393, 397, 476. The ALJ, however, in determining Plaintiff's residual functional capacity (RFC), failed to mention or address any of these medical opinions. AR at 17-29. This oversight is reversible legal error. See

5

Enbrey v. Bowen, 849 F.2d 418, 421-422 (9th Cir. 1988) [holding ALJ must, at a minimum, provide specific, legitimate reasons for rejecting physician's opinion]; Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).

Under the Commissioner's regulations in place at the time Plaintiff applied for benefits (footnote omitted), the weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1295 (9th Cir. 1996). An ALJ must give controlling weight to a treating physician's medical opinions if those opinions are not inconsistent with other substantial evidence in the record and are supported by medically acceptable diagnostic techniques. Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); Orn, at 631-634; see also Social Security Ruling (SSR) 96-2p.

In contrast, a contradicted opinion of a treating or examining professional may be rejected only if the ALJ provides "specific and legitimate" reasons that are supported by substantial evidence. Lester, 81 F.3d at 830. However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence'" by which the ALJ may reject the treating opinion. Orn, 495 F.3d at 632. Importantly, the opinion of a non-examining physician is insufficient to reject the opinion of a treating or examining physician. Lester, 81 F.3d at 831.

Finally, the Commissioner's regulations instruct the ALJ to evaluate every medical opinion from a treating physician according to specified factors that include (i) length of the treatment relationship and the frequency of examination, (ii) nature and extent of the treatment relationship, (iii) supportability of the opinion, (iv) consistency with the record, (v) specialization of the physician, and (vi) other factors such as the extent to which the treating doctor is familiar with other medical evidence in the case record. 20 C.F.R. § 404.1527(c)(2); Trevizo v. Berryhill, 871 F.3d 664, 676 (9th Cir. 2017).

In light of the foregoing, the ALJ erred in entirely overlooking, without reason, results from Plaintiff's electrodiagnostic functional capacity test, as well as the work restrictions Dr. Hembd imposed. See Garrison v. Colvin, 759 F.3d 995, 1012-1013 (9th Cir. 2014) ["[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."]. These treating opinions and functional capacity assessments are relevant evidence that the ALJ has a duty to consider.

3. <u>Disposition</u>

According to plaintiff, the ALJ failed to account for the opinions of Dr. Hembd, as expressed in the record at CAR 279, 393, 397, 476. Specifically, plaintiff contends the ALJ ignored Dr. Hembd's opinion that plaintiff cannot "work more than four hours per day and sitting, standing, and walking less than one third of the work day."

6

The record at CAR 279 and 397 consists of the same one-page report dated March 19, 2012, detailing Dr. Hembd's review of diagnostic studies. As reported by Dr. Hembd, "MRI did not demonstrate evidence of significant disk pathology." CAR 279, 397. The doctor's recommended plan of care was to apply heat and ice, engage in stretching, and use a TENS unit. See id. Dr. Hembd concluded plaintiff could return to work with restrictions to no lifting and no more than a four-hour workday. See id.

The record at CAR 393 consists of a largely illegible one-page "Physician Assessment of Patient Level of Impairment" form dated January 19, 2012, signed by Dr. Hembd. The form details a lift/carry restriction of a maximum of 25 pounds. See CAR 393. The form also indicates the doctor noted as "Other Impairments" the following: "4 hours/day (limited by stamina, [illegible] strain)." Id.

The record at CAR 476 consists of a separate one-page "Physician Assessment of Patient Level of Impairment" form completed following an office visit on August 1, 2012. Dr. Hembd indicates plaintiff can perform up to 33% of her work shift performing activities such as bending, twisting, lifting, carrying, standing, walking, and sitting. See id. Plaintiff was restricted to never kneeling, squatting, or climbing. See id. The doctor restricted plaintiff to lifting and carrying no more than 35 pounds. See id. Finally, Dr. Hembd indicated for "Other Impairments" the following: "occ. stoop." Id.

These records describe Dr. Hembd's opinions regarding plaintiff's capabilities through August 2012, which is well before the alleged onset date of July 11, 2013. This does not mean, however, as defendant argues, the ALJ may completely ignore such evidence, as was the case here. While defendant correctly notes medical opinions that pre-date the alleged onset of disability are of limited relevance, see Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008); see also Burkhart v. Bowen, 856 F.2d 1335, 1340 n.1 (9th Cir. 1988), the Ninth Circuit has not ruled such opinions may be ignored. In the cases cited by defendant, the ALJs rejected reports pre-dating the alleged onset dates only after actually considering and discussing the reports. Defendant's argument would be persuasive had the ALJ in this case considered Dr. Hembd's opinions and rejected them because, as opinions pre-dating the alleged

onset date, they provide limited evidentiary value with respect to the time period at issue. That, however, did not occur. This court agrees with Judge Brennan who observed "medical opinions are not per se irrelevant merely because they predate the disability onset date[.]" Yanes v. Berryhill, No. 2:16-CV-0518-EFB (E.D. Cal. 2017); see also 20 C.F.R. § 404.1527(b), (c) (Commissioner's regulations requiring all medical evidence be considered).

Similarly, the court rejects defendant's argument the ALJ did not err in ignoring Dr. Hembd's opinions because they were rendered in the context of California worker's compensation terminology. While the cases cited by defendant indicate such opinions are not controlling because they arise in a different legal context, the cases do not stand for the proposition such evidence may be completely ignored. See 20 C.F.R. § 404.1527(b), (c); see also Lester, 81 F.3d at 832 ("The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them"). Again, had the ALJ discussed Dr. Hembd's opinions and afforded them less weight because they were offered in relation to a worker's compensation claim, defendant's argument would be persuasive. But, again, that did not happen in this case.

Defendant argues the court should affirm the ALJ's silent disregard of Dr. Hembd's reports because, on weighing them with the other evidence of record, they are "neither significant nor probative of Plaintiff's limitations during the relevant time period." Defendant supports this argument with reference to evidence showing plaintiff's impairments improved with continued conservative treatment and medication. Defendant also references the various other medical opinions the ALJ did consider and which support the ALJ's ultimate disability determination. The court, however, declines defendant's invitation to do in the context of an action for judicial review what the Commissioner should have done in the first instance, that is consider all the medical evidence of record, weigh that evidence together, and render a decision after doing so. Defendant may very well be correct that Dr. Hembd's opinions do not change the outcome of the case. As defendant has noted in numerous other cases, however, it would be wholly improper for this court to substitute its own judgment for the Commissioner's.

/ / /

/ / /


## IV. CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and/or further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 14) is granted;
2. Defendant's motion for summary judgment (Doc. 15) is denied;
3. The Commissioner's final decision is reversed and this matter is remanded for further proceedings consistent with this order; and
4. The Clerk of the Court is directed to enter judgment and close this file.

Dated: December 18, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE