IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN CAMARGO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No.  2:17-CV-1733-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgement was entered on December 18, 2018. See ECF No. 19. Pending before the Court is Plaintiff's motion for an award of attorney's fees and costs in the amount of $10,949.54 under the Equal Access to Justice Act (EAJA). See ECF No. 20. Also before the Court is Plaintiff's supplemental motion for an additional $687.46 under the EAJA reflecting 3.41 hours of attorney time spent litigating fees. See ECF No. 24. The Commissioner has filed an opposition to Plaintiff's original motion, see ECF No. 22, but has not opposed Plaintiff's supplemental motion.

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Following briefing on the merits, the Court remanded the matter for further administrative proceedings. See ECF No. 18. In doing so, the Court stated:

> In her motion for summary judgment, plaintiff argues the ALJ erred by ignoring the opinions of treating physiatrist D. Michael Hembd, M.D.
>
> * * *
>
> According to plaintiff, the ALJ failed to account for the opinions of Dr. Hembd, as expressed in the record at CAR 279, 393, 397, 476. Specifically, plaintiff contends the ALJ ignored Dr. Hembd's opinion that plaintiff cannot "work more than four hours per day and sitting, standing, and walking less than one third of the workday."
> The record at CAR 279 and 397 consists of the same one-page report dated March 19, 2012, detailing Dr. Hembd's review of diagnostic studies. As reported by Dr. Hembd, "MRI did not demonstrate evidence of significant disk pathology." CAR 279, 397. The doctor's recommended plain of care was to apply heat and ice, engage in stretching, and use a TENS unit. See id. Dr. Hembd concluded plaintiff could return to work with restrictions to no lifting and no more than a four-hour workday. See id.
> The record at CAR 393 consists of a largely illegible one-page "Physician Assessment of Patient Level of Impairment" form dated January 19, 2012, signed by Dr. Hembd. The form details a lift/carry restriction of a maximum of 25 pounds. See CAR 393. The form also indicates the doctor noted as "Other Impairments" the following: "4 hours/day (limited by stamina, [illegible] strain)." Id.
> The record at CAR 476 consists of a separate one-page "Physician Assessment of Patient Level of Impairment" form completed following an office visit on August 1, 2012. Dr. Hembd indicates plaintiff can perform up to 33% of her work shift performing activities such as bending, twisting, lifting, carrying, standing, walking, and sitting. See id. Plaintiff was restricted to never kneeling, squatting, or climbing. See id. The doctor restricted plaintiff to lifting and carrying no more than 35 pounds. See id. Finally, Dr. Hembd indicated for "Other Impairments" the following: "occ. stoop." Id.
> These records describe Dr. Hembd's opinions regarding plaintiff's capabilities through August 2012, which is well before the alleged onset date of July 11, 2013. This does not mean, however, as defendant argues, the ALJ may completely ignore such evidence, as was the case here. While defendant correctly notes medical opinions that pre-date the alleged onset of disability are of limited relevance, see Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008); see also Burkhart v. Bowen, 856 F.2d 1335, 1340 n.1 (9th Cir. 1988), the Ninth Circuit has not ruled such opinions may be ignored. In the cases cited by defendant, the ALJs rejected reports pre-dating the alleged onset dates only after actually considering and discussing the reports. Defendant's argument would be persuasive had the ALJ in this case considered Dr. Hembd's opinions and rejected them because, as opinions pre-dating the alleged onset date, they provide limited evidentiary value with respect to the time period at issue. That, however, did not occur.

> This court agrees with Judge Brennan who observed "medical opinions are not per se irrelevant merely because they predate the disability onset date[.]" Yanes v. Berryhill, No. 2:16-CV-0518-EFB (E.D. Cal. 2017); see also 20 C.F.R. § 404.1527(b), (c) (Commissioner's regulations requiring all medical evidence be considered).
> Similarly, the court rejects defendant's argument the ALJ did not err in ignoring Dr. Hembd's opinions because they were rendered in the context of California worker's compensation terminology. While the cases cited by defendant indicate such opinions are not controlling because they arise in a different legal context, the cases do not stand for the proposition such evidence may be completely ignored. See 20 C.F.R. § 404.1527(b), (c); see also Lester, 81 F.3d at 832 ("The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them"). Again, had the ALJ discussed Dr. Hembd's opinions and afforded them less weight because they were offered in relation to a worker's compensation claim, defendant's argument would be persuasive. But, again, that did not happen in this case.
> Defendant argues the court should affirm the ALJ's silent disregard of Dr. Hembd's reports because, on weighing them with the other evidence of record, they are "neither significant nor probative of Plaintiff's limitations during the relevant time period." Defendant supports this argument with reference to evidence showing plaintiff's impairments improved with continued conservative treatment and medication. Defendant also references the various other medical opinions the ALJ did consider and which support the ALJ's ultimate disability determination. The court, however, declines defendant's invitation to do in the context of an action for judicial review what the Commissioner should have done in the first instance, that is consider all the medical evidence of record, weigh that evidence together, and render a decision after doing so. Defendant may very well be correct that Dr. Hembd's opinions do not change the outcome of the case. As defendant has noted in numerous other cases, however, it would be wholly improper for this court to substitute its own judgment for the Commissioner's.

ECF No. 18.

## II. DISCUSSION

Because this court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569. No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988). The Commissioner's position is substantially justified if there is a genuine dispute. See Pierce v.

3

1  Underwood, 487 U.S. 552 (1988).  The burden of establishing substantial justification is on the
2  government.  See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).
3       In determining substantial justification, the court reviews both the underlying
4  governmental action being defended in the litigation and the positions taken by the government
5  in the litigation itself.  See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on
6  other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  For the government's position to be
7  considered substantially justified, however, it must establish substantial justification for both the
8  position it took at the agency level as well as the position it took in the district court.  See Kali v.
9  Bowen, 854 F.2d 329, 332 (9th Cir. 1998).  Where, however, the underlying government action
10 was not substantially justified, it is unnecessary to determine whether the government's litigation
11 position was substantially justified.  See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).
12 "The nature and scope of the ALJ's legal errors are material in determining whether the
13 Commissioner's decision to defend them was substantially justified."  Sampson v. Chater, 103
14 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570).  If there is no reasonable basis in law
15 and fact for the government's position with respect to the issues on which the court based its
16 determination, the government's position is not "substantially justified" and an award of EAJA
17 fees is warranted.  See Flores, 42 F.3d at 569-71.  A strong indication the government's position
18 was not substantially justified is a court's "holding that the agency's decision . . . was
19 unsupported by substantial evidence. . . ."  Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).
20      Under the EAJA, the court may award "reasonable attorney's fees," which are set
21 at the market rate.  See 28 U.S.C. § 2412(d)(2)(A).  The party seeking an award under the EAJA
22 bears the burden of establishing the fees requested are reasonable.  See Hensley v. Eckerhart, 461
23 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. §
24 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court
25 an application for fees and other expenses which shows . . . the amount sought, including an
26 itemized statement from any attorney . . . stating the actual time expended").  The court has an
27 independent duty to review the evidence and determine the reasonableness of the fees requested.
28 See Hensley, 461 U.S. at 433, 436-47.  Finally, fees awarded under the EAJA are payable directly

to the client, not counsel.  See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

In opposition to Plaintiff's original motion for EAJA fees and expenses, the Commissioner argues: (1) the government's position was substantially justified; and (2) the fees requested are unreasonable.

### A. **Justification for the Government's Position**

According to the Commissioner:

> Here, an award of fees is not appropriate. The Court concluded that the ALJ erred by failing to address Dr. Hembd's opinions regarding Plaintiff's capabilities (CR 18 at 7-8). The ALJ, however, specifically noted that "no treating physician has provided a medical source statement as of the amended alleged onset date" (AR 26). Dr. Hembd's opinions were issued about 1 to 1 1/2 years prior to Plaintiff's amended alleged onset date (AR 278, 393, 397, 475). The ALJ, therefore, found that opinions pre-dating Plaintiff's alleged onset of disability date – *i.e.* Dr. Hembd's opinions - were not relevant to whether Plaintiff was disabled between July 11, 2013 through March 3, 2016, the date of the decision. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record"). The ALJ's finding was consistent with agency policy that relevant medical evidence begins at the alleged onset of disability date. *See e.g.* 20 C.F.R. § 404.1512(b)(ii) (indicates that if a claimant states that her disability began less than 12 months before her application date, the agency only develops the medical record back to the alleged onset date). The ALJ's finding was also consistent with Ninth Circuit case law that "[m]edical opinions that predate the alleged onset of disability are of limited relevance." *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (citing *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989)).
> With respect to the facts of this case, the ALJ's finding was reasonable because Dr. Hembd's opinions, rendered shortly after Plaintiff's work-related injury, were based on evidence that pre-dated Plaintiff's alleged disability onset date, such as Plaintiff's lack of any improvement at that time (AR 472). *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("If the record would support more than one rational interpretation, we defer to the ALJ's decision"). During the relevant period, Plaintiff reported that treatment improved her symptoms (*e.g.* AR 951, 956, 960, 964, 990, 995, 999, 1154, 1183, 1188, 1209, 1214), and two State agency physicians opined that Plaintiff could perform a range of light to medium work (AR 61-63, 74-75). The ALJ gave great weight to these opinions, which were consistent with the evidence during the relevant time period (AR 27). *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record"). (footnote omitted).

///

///

> Because the ALJ's findings had a reasonable basis in law and in fact, the government's defense of those findings in this Court likewise had a reasonable basis in law and fact. Indeed, the deferential substantial evidence standard of review directs a reviewing court to defer to the ALJ's finding even when another interpretation of the evidence is possible. *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld"). Therefore, it was reasonable for the government to defend the ALJ's finding that opinions predating Plaintiff's alleged onset date - Dr. Hembd's opinions - were not relevant to the disability determination, even if this Court ultimately concluded that the ALJ was wrong. *See Campbell v. Astrue*, 736 F.3d 867, 869 (9th Cir. 2013) ("this circuit has never stated that *every* time this court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees").5 This Court should deny Plaintiff's motion and decline to award fees.

ECF No. 22, pgs. 3-5.

The Court's conclusion that the Commissioner's position was not substantially justified is, in large part, driven by the Commissioner's own statement in opposition to the current motion. In particular, the Commissioner acknowledges: "The Court concluded that the ALJ erred by failing to address Dr. Hembd's opinions regarding Plaintiff's capabilities (CR 18 at 7-8)." Id. at 3. Despite the Commissioner's attempt to re-litigate the merits of the case, the Court's conclusion remains as the Commissioner accurately states --- the Administrative Law Judge failed to consider relevant medical evidence in a claim for disability benefits. The Court does not consider whether the government's position in the litigation before it was justified because the government's position in the underlying agency action by the Administrative Law Judge was not justified.

**B.  Reasonableness of Fees Requested**

The Commissioner asserts:

> Here, Plaintiff requests $10,929.44 for litigating this case (CR 21-2 at 2-3). Plaintiff's request for 55 attorney hours to litigate this routine, one issue, case is unreasonable.6 Routine social security cases are typically and reasonably litigated in 15 to 30 hours, not 55 hours. *See Afanador v. Sullivan*, 809 F. Supp. 61, 65 (N.D. Cal. 1992) (without analysis, court found 22.3 hours reasonable); *Vanover v. Chater*, 946 F.Supp. 744 (E.D. Mo. 1996) (routine Social Security cases usually require between fifteen and twenty hours); *Blaisdell v. Sec'y of Health and Hum. Serv.*, 623 F.2d 973, 976 (D. Me. 1985) (22.8 hours considered appropriate); *Lanter v.*

6

*Heckler,* 656 F. Supp. 19, 21 (S.D. Ohio 1986) (20 to 30 hours a reasonable expenditure of time for social security cases). While the administrative transcript was long, the case involved typical medical impairments (i.e. back and knee impairments), only one issue – a treating physician's opinion, this was a routine issue in social security cases, and Plaintiff's counsel is experienced in litigating social security matters7. *See Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998). (reasonableness determined by such factors as the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly, and the experience, reputation, and ability of the attorney); *Nugent v. Massanari*, 2002 WL 356656, at *3 (N.D. Cal. Feb. 28, 2002) (reducing EAJA petition for non-complex legal issues); *Silva v. Bowen*, 658 F.Supp. 72, 73 (E.D. Pa. 1987) (the court reduced claimed hours as excessive where the social security disability case was not "particularly complex" and did not raise "novel issues"); *see also Reyna v. Astrue*, 548 Fed. Appx. 404 (9th Cir. 2013) (affirming a $5,555.15 reduction in EAJA fees (from 47.25 hours to 28 hours)). . . .

ECF No. 22, pgs. 6-7.

The Commissioner specifically objects to: (1) 31.5 hours to review and summarize the record; and (2) 0.51 hours related to clerical tasks. See id. at 7-8. The Commissioner proposes that and award of $8,226.52 in fees and $20.10 in expenses would be appropriate. See id. at 8.

1. Reviewing and Summarizing the Record

The Commissioner contends 31.5 hours to review and summarize the record in a single-issue case is unreasonable for an experienced social security specialist, such as Plaintiff's counsel. See ECF No. 22, pg. 7. The Commissioner proposes that 18.5 hours is reasonable in this case. See id.

As the Commissioner acknowledges, the record in this case consists of approximately 1,400 pages. The Commissioner's challenge to 31.5 hours spent reviewing this record amount to an objection to a rate of 1.35 minutes per page. The Commissioner proposes 18.5 hours for this task, amounting to a rate of 0.79 minutes per page. Plaintiff's counsel bills as a rate of about $200.00 per hour.[1] The Court finds a reasonable rate is somewhere in the middle –

---

[1] Over the course of billing for this case, counsel's rate changed from $196.79 per hour to $201.60 per hour. See e.g. ECF No. 21-2.

7

1 minute per page.[2]  At one minute per page, it should take about 23.33 hours to review a 1,400-page record.  Thus, the difference between the number of hours requested and the number of hours expected is 8.17 hours.  It could be reasonably expected that this amount of time would be less for an attorney who specializes in social security appeals and where the record consists of duplicative documents.  In any event, the Court will exercise its discretion to give counsel the benefit of any uncertainty and presume that counsel spent 23.33 hours to review the record in this case – 8.17 hours fewer than claimed.  At a rate of $200.00 per hour, the Court will reduce the award of EAJA fees to Plaintiff by $1,634.00 (8.17 hours at $200.00 per hour).

          2.      <u>Clerical Work</u>

The Commissioner argues 0.51 should disallowed because the time was spent on clerical work.  <u>See</u> ECF No. 22, pgs. 7-8.  Specifically, the Commissioner challenges counsel's time entries for 8-21-2017 (0.03 hours), 9-18-2017 (0.03 hours), 9-25-2017 (0.05 hours), 9-4-2018 (0.10 hours), and "12/18" (0.30 hours).  <u>Id.</u> at 7.  The Court agrees as to entries for August 21, 2017 (0.03 hours) and September 25, 2017 (0.05 hours), for a total of 0.08 hours in clerical tasks performed and billed by counsel.  At a rate of $200.00 per hour, the Court will further reduce the EAJA award by $16.00.

### III. CONCLUSION

In her original request, Plaintiff asks for an award of $10,949.54 under the EAJA.  Considering the Commissioner's opposition, the Court grants this request subject to a reduction in the amount of $1,650.00, for a total award on Plaintiff's original request of $9,299.51.  The Court also awards $687.46 on Plaintiff's unopposed supplemental request for fees associated with post-judgment litigation on EAJA fees.  The Court's total award of fees and expenses under the EAJA is $9,986.97.

/ / /

/ / /

---

[2] This rate is consistent with the rate for review of records in capital habeas cases established by the Judicial Council of the Ninth Circuit.

1  / / /

2  / / /

3  / / /

4         Accordingly, IT IS HEREBY ORDERED that:

5         1.     Plaintiff's motion, ECF No. 20, and supplemental motion, ECF No. 24, for fees and expenses under the EAJA are granted, subject to reasonable reduction; and

6         2.     Plaintiff is awarded an aggregate amount of $9,986.97, in fees and expenses under the EAJA, payable by the Commissioner to Plaintiff.

Dated:  September 3, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

9